VAN NORTWICK, J.
Landmark American Insurance Company appeals an adverse final summary judgment in its third party subrogation action against Santa Rosa Beach Development Corp I (SRBD) and Ard Contractors, Inc., appellees. Landmark’s third party complaint was filed in a breach of contract action' instituted against it by Beach Colony Resort on Navarre East Condominium Association, Inc. (Beach Colony), a condominium development in Santa Rosa County, by which Beach Colony sought damages for Landmark’s failure to provide insurance coverage for structural damages allegedly caused by Hurricanes Ivan and Dennis in 2004 and 2005. SRBD was the developer and Ard was the general contractor in connection with the construction of Beach Colony which was completed in 2002. In the order under review, the trial court ruled that SRBD and Ard have no liability to Landmark because in 2005 Beach Colony had entered into an agreement with Ard and SRBD under which Ard and SRBD would undertake corrective work to the stucco exterior cladding to the Beach Colony buildings and in return Beach Colony agreed to release those parties from any claims relating to or arising out of those repairs. Because we agree with the trial court’s reading of the release provisions, we affirm.
*1137 Prior to Hurricanes Ivan and Dennis, the Beach Colony condominium building sustained damage resulting from water intrusion through the stucco exterior cladding. In response to this damage, Beach Colony entered into an Agreement for Warranty Repairs with SRBD and Ard in which SRBD and Ard recognized that they owed certain warranty obligations to Beach Colony and that “[cjertain issues have arisen with the exterior cladding of the condominium which have resulted in water intrusion into the condominium.... ” Further, SRBD represented that it intended to repair the water intrusion and bring the exterior cladding in compliance with the warranty obligations under section 718.208, Florida Statutes (2005).
This agreement, in pertinent part, provides, as follows:
2. Developer will effect the corrective work to the exterior cladding to bring such exterior cladding into compliance with the warranties provided by Developer and the General Contractor who constructed the Condominium (“Contractor”) pursuant to Fla. Stat. § 718.208. Developer will pay the expense of such corrective work initially, although Association understands that Developer is also seeking reimbursement for such cost from Developer’s insurers.
3. Developer will have such corrective work performed ... and upon completion of such repairs, will assign and transfer such persons’ warranties and contracts to Association. The manufacturer of certain components of the corrective work shall be required to inspect the installation, application of its product with the frequency as the manufacturer deems necessary to ensure the validity of its warranties.
4. Upon completion of such repairs, the total obligation for the maintenance of such exterior cladding will be turned over to the Association, as is the Association obligation and responsibility under, e.g., Fla. Stat. § 718.203.... Upon the execution and delivery of such warranties, Association, either for itself or in any representative capacity, shall proceed directly against the manufacturer and applicator in the event any claim arises with respect to the sufficiency or adequacy of such repairs, or otherwise arising out of or relating to such repairs in any way, and shall make no claim against Developer or Contractor with respect thereto.
* * *
7. Subject to Developer’s compliance with the requirements of this Agreement ... Association, either for itself or in any representative capacity will not sue or seek any relief whatsoever against Developer or Contractor ... for the conditions which Developer undertakes herein to correct, provided that the repairs undertaken herein by Developer brings such conditions into full compliance with the statutory warranties of Developer and Contractor!.] (Emphasis added).
Pursuant to this agreement, SRBD and Ard constructed a new exterior cladding, taped and inspected all caulking joints, removed and replaced all questionable caulking joints, reworked baseboards, and repainted.
Following Hurricane Ivan in September 2004, Beach Colony notified Landmark of losses sustained to the condominium building. Landmark investigated the claim and determined that water from the storm entered the building through the improperly designed and installed exterior cladding. Because Landmark’s insurance policy provided that it would “not pay for loss or damage caused by or resulting from ... *1138 [fjaulty, inadequate or defective ... [design, specifications, workmanship, repair, construction ...Landmark denied the claim. Following Hurricane Dennis in July 2005, Beach Colony again notified Landmark of a loss to the condominium property. Again, after investigation, Landmark denied the claim based on its conclusion that the water damage was caused by the failure to properly install the stucco exterior cladding.
Beach Colony filed suit against Landmark for breach of contract. Landmark raised several defenses and, in turn, filed a third party complaint against SRBD and Ard asserting, among other things, that, should coverage be found to exist under the policy, the cause of damage to Beach Colony was the result of defective construction by Ard and SRBD. The third party complaints alleged counts for breach of contract (as to SRBD), breach of implied warranty of fitness and merchantability, negligence, building code violations pursuant to section 553.84, Florida Statutes, and breach of warranty (as to Ard).
Ard and SRBD raised numerous defenses to the third party complaint. Among their defenses was the assertion that, under the Agreement for Warranty Repairs, Beach Colony had released SRBD and Ard with respect to any liability for the repairs made to the structure. Ard and SRBD each moved for summary judgment on Landmark’s third party complaint, arguing that the Agreement for Warranty Repairs with Beach Colony released them “from all causes of action and gave a covenant not to sue [SRBD] or Ard regarding claims of building defects.” Landmark moved for summary judgment on Beach Colony’s complaint arguing, inter alia, that Beach Colony breached the insurance contract by entering into an agreement with Ard and SRBD for warranty repairs which released the developer and contractor thereby impairing Landmark’s subrogation rights under the policy.
Following hearings, the lower court entered an order in June 2011 granting SRBD’s and Ard’s motions for summaiy judgment. The trial court found that the agreement did release Ard and SRBD from liability for any damage subsequent to the repairs made by SRBD and Ard. The court denied Landmark’s motion for summary judgment finding disputed issues of material fact concerning whether the damage to the condominium building was caused by the hurricanes or the prior stucco cladding defects.
As the issue raised on appeal involves the interpretation of a contract, the de novo standard of review applies. See Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999). We conclude that the trial court did not err in interpreting the plain language of the Agreement for Warranty Repairs to release SRBD and Ard from any further liability after the corrective work was completed. In paragraph 5 of the agreement, Beach Colony agrees that any claim with respect to the sufficiency or adequacy of the repairs would be made directly against the manufacturer and applicator and it “shall make no claim against Developer or Contractors with respect thereto.” Further, in paragraph 7 of the agreement, Beach Colony agrees that it would “not sue or seek any relief whatsoever against developer or contractor, in any forum, legal administrative equitable or arbitral, for the conditions which the developer undertakes herein to correct, ...” The purpose of the work undertaken by SRBD and Ard pursuant to the Agreement was to repair the stucco cladding and to correct damage caused by water intrusion due to the defective stucco cladding. The repair work was not intended to be limited to the stucco. The defective stucco may have been the cause of the water *1139 intrusion damage, but it was not the sole issue to be remedied. Thus, the application of the release was broader in scope than simply relating to repair of the stucco. Landmark’s third party subrogation action was based on defects in the construction of the condominium, and Landmark’s own experts testified below that the damage suffered to the interior of the condominium building was the result of the defective exterior cladding. Thus, the release covered the same matters that were the subject of Landmark’s third party action.
AFFIRMED.
WETHERELL, J., concurs; MAKAR, J., specially concurs with written opinion.